```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

LAURA AND TERRY KING                              CIVIL ACTION

VERSUS                                            NO. 13-4913

STATE OF LOUISIANA, EX REL.                       SECTION F
BOBBY JINDAL, GOVERNOR OF
LOUISIANA, AND JAMES D. CALDWELL,
LOUISIANA ATTORNEY GENERAL

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the motion is GRANTED in part, and DENIED in part.

## Background

This is a free speech case brought by Dr. Laura King and her husband, Terry. The Kings assert the following allegations in their complaint:

Dr. Laura King formerly worked for the St. Tammany Parish Coroner's Office, as the manager of its forensic laboratory. However, after she raised concerns to her superiors regarding mismanagement of the office, her employment was abruptly terminated.

After her termination, Dr. King, along with her husband, Terry, continued to pursue her concerns by making complaints to various state and federal agencies with jurisdiction over the activities of the Coroner's Office, including the Louisiana State Board of Ethics. The media began covering the Kings' allegations,

-1-

including their complaints to the Louisiana Board of Ethics.

In September 2011, the Kings were charged by misdemeanor bill of information with violating La. R.S. 42:1141,[1] which makes it a crime to breach the confidentiality of ethics complaints by making public statements concerning a private investigation or hearing of the Louisiana Board of Ethics.  The charges were brought after the Coroner's Office complained to the District Attorney for St. Tammany Parish, who recused himself and referred the charges to Louisiana Attorney General Buddy Caldwell, who then specially appointed the St. Charles Parish District Attorney's Office to pursue the charges.  In June 2012, the charges against the Kings were nolle prossed.

In June 2013, the Kings filed suit in this Court against Louisiana Governor Bobby Jindal and Louisiana Attorney General Buddy Caldwell, in their official capacities, alleging that La. R.S. 42:1141.4(L)(1) violates their rights to free speech under the First and Fourteenth Amendments to the United States Constitution, and Article I, Sections 7 and 9 of the Louisiana Constitution. Plaintiffs seek relief in the form of a declaration that the statute is unenforceable, an injunction preventing the statute's enforcement, and costs and fees associated with bringing this action.  Defendants now move to dismiss plaintiffs' complaint under

---

[1]  Specifically, plaintiffs were charged under La. R.S. 42:1141(E)(12)(a), which has since been amended and is now engrossed at La. R.S. 42:1141.4(L)(1).

Federal Rule of Civil Procedure 12(b)(1).

                                I.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants challenge this Court's subject matter jurisdiction, invoking the doctrine of sovereign immunity. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

The Eleventh Amendment bars suits by private citizens against a state in federal court. K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010)(citing Hutto v. Finney, 437 U.S. 678, 700 (1978)). This immunity extends to protect state actors in their official capacities. Id. There is, of course, a narrow exception to this immunity from suit: the Ex parte Young exception "is based on the legal fiction that a sovereign state cannot act unconstitutionally[; t]hus, where a state actor enforces an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit." See id. (citing Ex parte Young, 209 U.S. 123 (1908)); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989)(noting "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated

as actions against the State'").

The Ex parte Young exception applies when the plaintiff demonstrates that the state officer has "some connection" with the enforcement of the disputed act. K.P., 627 F.3d at 124 (citing Ex parte Young, 209 U.S. at 160, and noting that the purpose of the connection requirement is to prevent litigants from misusing the exception). As the Fifth Circuit U.S. Court of Appeals has observed:

> *Ex parte Young* gives some guidance about the required "connection" between a state actor and an allegedly unconstitutional act. "The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists."

Id. (quoting Ex parte Young, 209 U.S. at 157). Ex parte Young also requires that the plaintiff seek prospective relief only, and not money damages. Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). To determine whether this requirement is satisfied, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Id. (internal quotation marks and citations omitted)(alteration in original).

Defendants insist they lack the requisite connection with the enforcement of the challenged act that is necessary to establish applicability of the Ex parte Young exception to sovereign

immunity.  Invoking <u>Okpalobi v. Foster</u>, 244 F.3d 405, 411 (5th Cir. 2001),[2] defendants contend that plaintiffs must allege defendants have both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.  To the extent defendants seek to limit the scope of the <u>Ex parte Young</u> exception based on the Fifth Circuit's analysis in <u>Okpalobi</u>, it is undisputed that the Fifth Circuit's discussion of sovereign immunity in <u>Okpalobi</u> was in a plurality opinion.  As the Fifth Circuit has pointed out, "[b]ecause that part of the *en banc* opinion did not garner majority support, the Eleventh Amendment analysis is not binding precedent."  <u>K.P.</u>, 627 F.3d at 124 (citing <u>United States v. Ferguson</u>, 211 F.3d 878, 885 (5th Cir. 2000)).

Nevertheless, the Court finds that plaintiffs fall short of satisfying the "some connection" requirement of <u>Ex parte Young</u>, at least with respect to Governor Jindal.  Governor Jindal's generic constitutional duty to "see that the laws are faithfully executed" (La. Const. art. IV, § 5(A)) lacks the <u>Ex parte Young</u> nexus between the Governor and the alleged unconstitutional act necessary to defeat sovereign immunity.

However, the Court finds that plaintiffs have satisfied the

---

[2.] In <u>Okpalobi</u>, the Fifth Circuit held that to determine whether the <u>Ex parte Young</u> exception applies, the Court "should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." 244 F.3d at 417.

"some connection" requirement with respect to Attorney General Caldwell.  Plaintiffs have demonstrated both Attorney General Caldwell's power and his willingness to enforce the statute in question, by alleging that he specially appointed the St. Charles Parish District Attorney's Office to prosecute plaintiffs under the act.  See Okpalobi, 244 F.3d at 417.  Caldwell's involvement in plaintiffs' prosecution is sufficient to establish "some connection" with the enforcement of the disputed act.  See Ex parte Young, 209 U.S. at 157.

Caldwell maintains that his involvement in plaintiffs' prosecution was a one-time event, and therefore that the alleged constitutional violation is not "ongoing" as required by Ex parte Young.  See Verizon, 535 U.S. at 645.  However, plaintiffs specifically allege in their complaint that their right to free speech is "restrained in light of the possibility of further charges being brought against them."  Moreover, plaintiffs specifically request injunctive and declaratory relief only, not money damages.  See id.

Accordingly, defendants' motion is GRANTED with respect to the claims against Governor Jindal, and DENIED with respect to the claims against Attorney General Caldwell.

New Orleans, Louisiana, October 16, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE