```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

TERRY KING & LAURA KING                            CIVIL ACTION

VERSUS                                             NO. 13-4913

JAMES D. CALDWELL                                  SECTION F
EX REL., STATE OF LOUISIANA,
ATTORNEY GENERAL
```

## ORDER AND REASONS

Before the Court is plaintiffs' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

This is a free speech case brought by Dr. Laura King and her husband, Terry.

Dr. Laura King formerly worked for the St. Tammany Parish Coroner's Office, as the manager of its forensic laboratory. However, after she raised concerns to her superiors regarding mismanagement of the office, her employment was terminated.

After her termination, Dr. King, along with her husband, Terry, continued to pursue her concerns by making complaints to various state and federal agencies with jurisdiction over the activities of the Coroner's Office, including the Louisiana State Board of Ethics. The media began covering the Kings' allegations, including their complaints to the Louisiana Board of Ethics.

In September 2011, the Kings were charged by misdemeanor bill

-1-

of information with violating La. R.S. 42:1141,[1] which makes it a crime to breach the confidentiality of ethics complaints by making public statements concerning a private investigation or hearing of the Louisiana Board of Ethics. The charges were brought after the Coroner's Office complained to the District Attorney for St. Tammany Parish, who recused himself and referred the charges to Louisiana Attorney General Buddy Caldwell, who then specially appointed the St. Charles Parish District Attorney's Office to pursue the charges. In June 2012, the charges against the Kings were nolle prossed.

In June 2013, the Kings filed suit in this Court against Louisiana Governor Bobby Jindal and Louisiana Attorney General Buddy Caldwell, in their official capacities, alleging that La. R.S. 42:1141.4(L)(1) violates their rights to free speech under the First and Fourteenth Amendments to the United States Constitution, and Article I, Sections 7 and 9 of the Louisiana Constitution. Plaintiffs seek relief in the form of a declaration that the statute is unenforceable, an injunction preventing the statute's enforcement, and costs and fees associated with bringing this action. On October 16, 2013, this Court granted in part and denied in part defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, dismissing plaintiffs' claims against

---

[1] Specifically, plaintiffs were charged under La. R.S. 42:1141(E)(12)(a), which has since been amended and is now engrossed at La. R.S. 42:1141.4(L)(1).

Governor Jindal. Plaintiffs now move for summary judgment.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress

his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating summary judgment, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

### A. Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 813 (1976). The Supreme Court has "confined the circumstances appropriate for abstention to three general categories." Id. at 814. First, "[u]nder the Colorado River doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'" Saucier v. Aviva Life & Annuity Co., 701 F.3d 458, 462 (5th Cir. 2012). As a threshold matter, Colorado River abstention applies only when a parallel state case remains pending. See Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006). Second, under the Pullman doctrine, abstention is appropriate where the federal constitutional issue in a case may be mooted by a state-court determination of state law. R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 501 (1941). Third, under the

Buford doctrine, abstention is proper where a case involves an unclear state-law question of important local concern that transcends the result in the federal case. Buford v. Sun Oil Co., 319 U.S. 315, 332-34 (1943); see also La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

The State contends that this Court should refrain from ruling on the constitutionality of the challenged statute in the interest of state sovereignty and comity.  The Court is not persuaded.  Contrary to the State's contentions, this case is not "strictly a State law matter," but rather, involves serious claims under the First and Fourteenth Amendments to the United States Constitution.  Although plaintiffs also claim violations of their state constitutional rights, the state-law issues neither moot nor transcend the determination of the federal issues.  There is also no parallel state case currently pending, and so, no legitimate reason for this Court to abstain.

## B.  Standing

Article III of the Constitution commands that a litigant must have standing to invoke the power of a federal court.  The Court's focus, in assessing standing, is on the parties' right to have the Court decide the merits of the dispute. See Doe v. Beaumont Indep. Sch. Dist., 240 F.3d 462, 466 (5th Cir. 2001)(citing Warth v. Seldin, 422 U.S. 490, 498 (1975)).  To establish standing, the plaintiffs must demonstrate: (1) that they each personally suffered

some actual or threatened "injury in fact" (2) that is "fairly traceable" to the challenged action of the defendant, and (3) that likely "would be redressed" by a favorable decision in Court. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The actual injury requirement ensures that issues will be resolved "not in the rarified atmosphere of a debating society, but in a concrete factual context." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982).

The State disputes that plaintiffs were actually harmed in this case, because the charges against them were nolle prossed and expunged from the record. Although plaintiffs submit that they fear a threat of future prosecution under the statute, the State responds that such concerns are too hypothetical to establish standing. The Court disagrees. It is well established that a credible threat of future criminal prosecution will confer standing. See, e.g., Va. v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 392-93 (1988). The history of enforcement in this case makes the threat of future prosecution a real possibility. The State's contention that plaintiffs suffered no actual injury simply because the charges against them were dropped is specious at best. Because plaintiffs have standing, the Court turns to the merits of their claims.

C.  First Amendment

The First Amendment to the United States Constitution declares that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. "As a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." <u>United States v. Stevens</u>, 559 U.S. 460, 468 (2010)(internal quotation marks and citations omitted). A statute that regulates based on subject matter or content is "presumptively invalid," and subject to strict scrutiny. <u>Id.</u>

La. R.S. 42:1141.4(L)(1) provides:

> It shall be a misdemeanor, punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both, for any member of the Board of Ethics, its executive secretary, other employee, <u>or any other person</u>, other than the person who is subject to the investigation or complaint, to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or <u>to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics</u> without the written request of the public servant or other person investigated.

(emphasis added). The Kings purport to challenge La. R.S. 42:1141.4(L)(1) on its face. Typically, to succeed on a facial challenge, the plaintiffs must show "that no set of circumstances exists under which the [statute] would be valid . . . or that the statute lacks any plainly legitimate sweep." <u>Stevens</u>, 559 U.S. at 472 (internal quotation marks and citations omitted). However, in the First Amendment context, "a second type of facial challenge" is

available, "whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." Stevens, 559 U.S. at 473 (internal quotation marks and citations omitted). Notably, though, a facial challenge based on overbreadth is not appropriate if the rights asserted by the plaintiff are essentially coterminous with the expressive rights of third parties. United States v. Hicks, 980 F.2d 963, 969 (5th Cir. 1992).

The State submits that La. R.S. 42:1141.4(L)(1) is constitutional. The State concedes that strict scrutiny applies,[2] but asserts that the statute is narrowly tailored to a compelling state interest. The State asserts that the purpose of the statute is to protect the subjects of ethics investigations and ensure the integrity of the disciplinary process. The State argues that because the statute prohibits speech only while the ethics investigations remain private, before the Board adjudicates the charges, the statute is narrowly tailored to achieve its purpose. The Court disagrees.

The Court is persuaded that La. R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at

---

[2] Although neither party briefs the issue, the Court is satisfied that La. R.S. 42:1141.4(L)(1) regulates speech based on subject matter (namely, Board of Ethics investigations) and thus is subject to strict scrutiny. The statute may even be viewpoint based, as it permits speech by or at the request of the subject of the ethics investigation, but not by the complainant.

least in part.  See Leavitt v. Jane L., 518 U.S. 137, 139 (1996) (severability of state statutory provisions is a matter of state law); see also La. R.S. 24:175(A) (permitting severance).  Insofar as the statute makes it a crime for "any other person," besides the subject of an ethics investigation, "to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics" absent the subject of the investigation's written request, the statute is impermissibly overbroad.  Even accepting the State's proffered interests as sufficiently compelling, the State fails to show that the means selected are the least restrictive appropriate to the task.  See Stevens, 559 U.S. at 468 (government bears the burden to rebut presumption of invalidity).[3]

Accordingly, IT IS ORDERED: that plaintiffs' motion for summary judgment is GRANTED.  The Court hereby declares La. R.S. 42:1141.4(L)(1) invalid insofar as it prohibits "any other person" from "mak[ing] any public statement or giv[ing] out any information concerning a private investigation or private hearing of the Board of Ethics." Defendant and its officers, agents, servants, employees, and assigns are hereby enjoined from enforcing this provision, until further order of this Court.[4]  The issue of fees

---

[3] The Court does not reach plaintiffs' state law claims, which have not been briefed.

[4] Counsel for plaintiffs shall submit a form of injunction and judgment within five working days.

and costs will be referred to the magistrate judge for resolution.

New Orleans, Louisiana, May 14, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE